IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK C. JACKSON, #203978,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-716-JPG |
| | ) |
| **MASSAC COUNTY, IL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff, an inmate in the Eastern Kentucky Correctional Complex, located in Westliberty, Kentucky, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that Plaintiff has failed to allege a claim upon which relief may be granted.

Plaintiff filed his complaint with this Court on September 16, 2010 (Doc. 1). In that complaint Plaintiff lists Massac County, Illinois as the sole Defendant in the caption, but goes on to list public defender McArtur Allen and public defender Marilou Shaner as defendants in the complaint. Plaintiff does not provide a statement of his claim, but simply states in one sentence "I feel, as though a person is innocent until proven guilty and time limitations protect the people of United States against discrimination and without exception to another clause by the Massac Sheriff Department" (Doc. 1).

On October 18, 2010 Plaintiff filed a supplement with this Court wherein he states that a warrant was issued for his failure to make a court appearance on May 24, 2005. However, Plaintiff does not explain which of his constitutional rights, if any, were violated, by whom they were allegedly violated, now why he has filed this complaint with this Court.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

However, in the context of a challenge pursuant to Federal Rule of Civil Procedure 12(b)(6), in an opinion issued on May 21, 2007, the Supreme Court decided the case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955).  According to the Supreme Court, the threshold pleading requirements of Federal Rule of Civil Procedure 8 requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. *Id*. at 974 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added).  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id*. at 1965.

Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citing *Bell*,550 U.S.at 573).

Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

As stated above, this complaint contains no specific allegations against any particular defendant. Consequently, this complaint does not put any defendant on notice of the particular claims brought against him or her so that the defendant could respond properly to the complaint.

Accordingly, as pleaded, Plaintiff has failed to state a viable claim against any named defendant, and the complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to comply with an order of this Court and for failure to state a claim upon which relief may be granted. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: February 16, 2011**

        *s/J. Phil Gilbert*
        **U. S. District Judge**